## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TREALETHA ROBERTSON, as the next** ) | |
| **best friend of Talisa Robertson** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 01-01405 (JGP)** |
| ) | |
| **DISTRICT OF COLUMBIA,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## MEMORANDUM OPINION

This comes before the Court on the **Motion of the Plaintiff to Enforce Settlement Agreement and for Meaningful Sanctions [#84]** ("Pl.s Mot.")[1], which was filed on March 9, 2006.  Plaintiff "move[d] this court for an order enforcing the settlement agreement" entered into by the parties on October 11, 2005 "and for [] sanctions against the District . . . for its *willful* failure to" distribute to plaintiff the "awarded [] sum of $45,100.00" and "$30,000.00 in attorney's fees." Pl.s Mot., at 1-2 (emphasis added).

The District of Columbia's Response to Order to Show Cause [#87] ("Def.'s Resp."), filed on March 24, 2006, admitted that it "owes a liquidated debt to" Talisa  Robertson ("Talisa") "as [] plaintiff has obtained a judgment and the parties have agreed to a settlement of attorney's fees[.]" Def.'s Resp., at 1.  The District nonetheless asserted that it was "prohibited . . . from transferring to a *minor child* or even to the child's family, proceeds in excess of $10,000"

---

[1]  After plaintiff filed the Motion, the Court issued an Order [#86], dated March 13, 2006, directing the District of Columbia ("District") to show cause why it should not be granted.

pursuant to "D.C. Official Code § 21-307(c)[,]"[2] and that "judgment proceeds [could] only be distributed to a custodian appointed by the Superior Court of the District of Columbia pursuant to the Uniform Transfers to Minors Act, D.C. Official Code § 21-301 et. seq[.]" *Id*. at 1-2 (emphasis added).  It was incumbent upon "plaintiff's counsel . . . [to initiate] custodianship proceedings . . . in Superior Court." *Id*.

On March 27, 2006, the plaintiff responded that the District's "represent[ation] that Talisa [] is a 'minor child[]' . . . . is *unequivocally false*, and the . . . records [] clearly indicate that the representation is false." Plaintiff's Reply to the District of Columbia's Response to this Court's Order to Show Cause [#88] ("Pl.'s Reply"), at 1 n.1 (emphasis added).  In support for this position, plaintiff provided the Division of Security Statement, which reveals Talisa's date of birth to be January 1, 1987.  To this point, on June 19, 2006, the District conceded that Talisa has indeed reached the age of majority. Defendant's Opposition to Plaintiff's Motion for a Hearing [#90] ("Def.s Opp."), at ¶ 3.

The Court heard oral argument on plaintiff's Motion on July 14, 2006.  Upon consideration of the Motion, the representations the parties made at the oral argument and those made within the above-referenced pleadings, the Court concludes that delay in payment of the

---

[2]  Section 21-307(c) provides the following:

> [] With the exception of section 21-120, if no custodian has been nominated under section 21-303, or if all persons so nominated as custodian die before the transfer or are unable, decline, or are ineligible to serve, then a transfer under this section may be made to an adult member of the minor's family or to a trust company unless the property exceeds $ 10,000 in value.

D.C. Code § 21-307(c).

settlement is attributable to errors made by the plaintiff and the District.  The Court therefore concludes that plaintiff's Motion should be granted in part and denied in part.  These conclusions are fully explained below.

## BACKGROUND

The instant case, filed on June 26, 2001, is one of a series of unfortunate cases brought against the District in which children from a D.C. public school were taken to the D.C. Jail. Specifically, on April 9, 2001, April 10, 2001, May 17, 2001, and May 18, 2001, junior high school students were taken on "field trips" and strip-searched "in accordance with [] search procedures faced by inmates[,]" witnessed "correctional officers demonstrate[], with the assistance of an inmate, the use of shackles and difficulties associated with being shackled[,]" were themselves shackled "as a demonstration[,]" and a number of "the students [] leaving the cellblock" witnessed "an inmate expose[] his genitals." Defendant's Pretrial Statement [#19], at 1-3; *see also* Plaintiff's Memorandum of Points and Authorities in Opposition to the District's Motion for Summary Judgment [#34], at 2 ("Plaintiff's daughter[, Talisa,] was shackled and humiliated and taken on the men's side of the Jail where a male inmate . . . partially disrobed and masturbated in the child's presence.").

The Honorable Magistrate Judge Deborah A. Robinson conducted a bench trial and on June 9, 2005 entered judgment in favor of plaintiff Trealetha Robertson ("Trealetha"), as next friend of her daughter Talisa, against the District in the amount of $45,100.00. *See generally* Judgment for the Plaintiff [#73].  Thereafter, in October of 2005, the parties reached a settlement of, *inter alia*, attorneys' fees and costs. *See generally* Praecipe of Dismissal for All Claims [#82];

3

*accord* Defendant's Supplement to its Opposition to Plaintiff's Motion for a Hearing and

Request for Modification of Judgment in Favor of Talisa Robertson, the Former Minor Child

[#92], at 1 ("The parties subsequently reached a settlement in which the District agreed to pay the

$45,100.00 awarded by the court and in addition would pay attorney's fees in the amount of

$30,000."). Nonetheless, as of the undersigned date of this Memorandum Opinion, the

settlement agreement has not been satisfied by the District.

## ANALYSIS

### I.

It is "a 'well-established principle that [] trial court[s] retain[] jurisdiction to enforce . . .

settlement agreements.'" *Hammon v. Kelly*, 830 F. Supp. 11, 14 (D.D.C. 1993) (quoting *Beckett

v. Air Line Pilots Ass'n*, 301 U.S. App. D.C. 380, 995 F.2d 280, 285 (D.C. Cir. 1993)). Within

the District of Columbia, "[s]tate contract law governs the enforcement of settlement

agreements." *Hood v. D.C.*, 211 F. Supp. 2d 176, 179-80 (D.D.C. 2002) (citing *Makins v.

District of Columbia*, 349 U.S. App. D.C. 303, 277 F.3d 544, 547 (D.C. Cir. 2002)). That is, for

the trial court to honor the settlement agreement, there must be: "(1) an agreement as to all the

material terms; and (2) an intention of the parties to be bound." *Id*. (citing *United States v.

Mahoney*, 345 U.S. App. D.C. 417, 247 F.3d 279, 285 (D.C. Cir. 2001); *Kilpatrick v. Paige*, 193

F. Supp. 2d 145, 152 (D.D.C. 2002)). "[A] Court may construe an agreement to require a

reasonable period of performance," but only "*in the absence* of an explicit provision relating

thereto." *Hammon*, 830 F. Supp. at 11 (emphasis added). When a trial court dismisses an action

pursuant to a settlement agreement, the court retains jurisdiction to enforce the terms of the

settlement. *Pullins-Graham v. Dist. of Columbia*, 2002 U.S. Dist. LEXIS 27545, at *9 (D.D.C.

April 29, 2002) (citation omitted); *accord* Fed. R. Civ. P. 41(a)(2).

## II.

Here, it is the position of plaintiff's counsel that counsel for the District *knew* that Talisa

had reached the age of majority when he filed the District of Columbia's Response to Order to

Show Cause on March 24, 2006.[3]  Because, again, the principal assertion made therein by the

District's counsel was that "[t]he party of interest in this matter *is* . . . a minor child[,]" Def.'s

Resp., at 1 (emphasis added), which Talisa was not at the time, this is a very serious charge. *See*,

*e.g.*, *United States v. Gaines*, 295 F.3d 293, 300 (2d Cir. 2002) (reiterating the rule that "an

attorney has a duty not to put false evidence before the court or make misrepresentations to the

court").  Plaintiff's counsel argued the point at the oral argument by stating that (1) the March 9,

2006 Motion should have alerted counsel for the District to Talisa's majority; (2) DeBerardinis

was one of the attorneys who represented the District during the *Robertson v. District of*

*Columbia et al.*, 01cv01405, bench trial on May 28, 2004 in which Talisa's age was established;

and (3) plaintiff's counsel "advised George Valentine, the Deputy Attorney General for the Civil

Division [of the District's Office of the Attorney General], that Talisa [] was not a minor several

weeks" before filing plaintiff's March 27, 2006 Reply. Pl.'s Reply, at 1.  Notwithstanding this

argument, for the following three reasons, the facts simply do not bear it out.[4]

---

[3] Gregory L. Lattimer is plaintiff's counsel and Robert A. DeBerardinis, Jr. is counsel for the District.

[4] Principally, as is established *infra*, by attempting to execute a release with the District which authorized payment to Trealetha instead of the real party in interest, Talisa, plaintiff's counsel may have contributed to the delay in payment to his client and, by extension, himself.

5

First, nowhere within the March 9, 2006 Motion did plaintiff's counsel alert the District's counsel or the Court – either explicitly or implicitly – to the fact that Talisa was over eighteen years old.[5] *See generally* Pl.s Mot.  Indeed, to the contrary, he attached to the Motion a release, dated October 12, 2005, which was signed by Talisa's mother, Trealetha.[6]  However, execution of this release by Trealetha is inconsistent with the law. *See* D.C. Code § 21-307(c) ("[A] transfer under this section may be made to an adult member of the minor's family . . . .").

Second, the representation made by plaintiff's counsel that DeBerardinis appeared on the District's behalf during the May 28, 2004 bench trial in this case does not appear to be supported by the record. *See* Bench Trial Transcript, at 1.

Third, taking plaintiff's counsel at his word that he told George Valentine that Talisa was no longer a minor "several weeks" before March 27, 2006, the exact manner in which that

---

[5]  This is so despite the curious and apparently erroneous representation made by the District's counsel that he "learn[ed] that Talisa [] had reached the age of majority [from] plaintiff's March 9, 2006, filing[.]" Def.s Opp. at ¶ 3.

[6]  Within the Motion, plaintiff's counsel characterized the actions of the District with regard to the delay in payment this way:

> The actions of the District of Columbia have been intentional and are wholly without justification. Repeatedly, they offer one *lame excuse* after another to explain their outrageous conduct. In November, it was allegedly because they did not have a W-9. We sent them a W-9. Exhibit 2. In December 2005, it was because they had lost the release. We sent them another release. Exhibit 3. It only begs the question *what lie will be raised next*. While *these lies are being told to disguise the fact that the District is apparently punishing undersigned counsel*, the plaintiff has not been paid and there is no justification for that, all *petty foolishness* aside.

Pl.s Mot., at 2 (emphasis added).  The Court reminded plaintiff's counsel during the oral argument that "not only" is the use of such language to describe opposing counsel "ill-mannered, it is ineffective." *Trailways, Inc. v. Icc*, 1982 U.S. App. LEXIS 19273, at *2 (D.C. Cir. May 14, 1982).

information was imparted to Valentine was not made clear to the Court.  Moreover, it is not self-evident that this information made its way to the District's undersigned counsel. *Cf.*, *e.g.*, *Morris v. Roche*, 182 F. Supp. 2d 1260, 1279 (D. Ga. 2002) (finding that the "best" case scenario was that defense counsel "carelessly drafted and edited his briefs[,]" which the court called "disturbing" and "[un]acceptable.").  Therefore, and for the foregoing reasons, the Court cannot conclude that the "worst" case scenario occurred here, *i.e.*, that counsel for the District "*intentionally* mislead" it with the March 24, 2006 filing. *Id.* (emphasis added).

### III.

The Court now turns to the role of the District in the delay in payment of the settlement reached in this case, which is apparent for the two reasons that follow.

First, it appears that it "carelessly drafted and edited" the March 24, 2006 Response to the Court's Show Cause Order. *Id.*  Attorneys have an affirmative duty to ensure that representations they make to courts are accurate and correct. *See In re Rosen*, 481 A.2d 451 (D.C. 1984); *In re Phillips*, 705 A.2d 690 (D.C. 1998) (per curiam); *In re Reback*, 513 A.2d 226 (D.C. 1986) (en banc); *In re Gil*, 656 A.2d 303 (D.C. 1995); *In re Goffe*, 641 A.2d 458 (D.C. 1994) (per curiam); *In re Lopes*, 770 A.2d 561, 570 (D.C. 2001).  Examination of the record in this case reveals that the District failed in this regard.  As established *supra*, the District affirmatively asserted within the March 24, 2006 filing to the Court that it was statutorily prohibited from paying the settlement it owes, pursuant to D.C. Code § 21-307(c), because Talisa was "a minor child" at the time, Def.'s Resp., at 1, although surely she was not. *See* Pl.'s Reply, at 1 n.1 (characterizing this assertion as "unequivocally false . . . ."); *accord* Division of Security Statement, at 1.  With the

7

gravamen of the District's Response being Talisa's *age*, it certainly was incumbent upon it to *know exactly how old she was* before making such an assertion to the Court. *Cf. Gaines*, 295 F.3d at 300.  Nonetheless, the pleading filed by the plaintiff would tend to suggest that Talisa was still a minor. *See generally* Pl.s Mot.

And second, the District was undoubtedly made aware of Talisa's majority, as was the Court, by plaintiff's March 27, 2006 Reply. *See* Pl.'s Reply, at 1 n.1.  Yet, inexplicably, it took no steps contemporaneous with being made aware of this fact toward having the settlement paid or explaining to plaintiff and the Court why it was unable to make good on paying the settlement. Instead, the District waited until June 19, 2006 – almost three months later – to concede that Talisa was no longer a minor, and also to explain that even so it could not satisfy the settlement it owed her because its "Settlement and Judgment Fund . . . became depleted due to the payment of judgments and other settled cases." Def.s Opp., at ¶ 3.  While the Court appreciates this eventual candor, with the unfortunate underlying circumstances of the case, it finds the delay here by the District to be unacceptable. *See Gaines*, 295 F.3d at 300.

## CONCLUSION

Accordingly, and for the foregoing reasons, the Motion of the Plaintiff to Enforce Settlement Agreement and for Meaningful Sanctions [#84] should be granted in part and denied in part.  An appropriate Order accompanies this Memorandum Opinion.

Date: **August 4, 2006**                                          **JOHN GARRETT PENN**
                                                                 **United States District Judge**